UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL CUNNINGHAM,<br>    Plaintiff,<br><br>        v.<br><br>ABBOTT VASCULAR, INC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 21-10241-MLW<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 29, 2023

In this case plaintiff Paul Cunningham has sued defendant Abbot Vascular, Inc. ("Abbott") for negligence, breach of implied warranty, and strict liability arising from the alleged failure of an Abbott stent to expand properly inside his artery after balloon angioplasty. Abbott moved to dismiss (the "Motion"). The Magistrate Judge issued a Report and Recommendation (the "Report") recommending that the court find the Motion meritorious because federal law preempts plaintiff's state law claims and, in any event, he failed to adequately allege those claims. See Dkt. No. 52.

Plaintiff filed objections to the Report and Abbott responded. The matters as to which plaintiff objected have been reviewed de novo. See 28 U.S.C. §636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b)(3); Diaz-Alaracon v. Flandez-Marcel, 944 F.3d 303, 310

(1st Cir. 2019).  Having done so, the court finds that the Report is thorough, thoughtful, and persuasive.

More specifically, the Magistrate Judge correctly applied the Supreme Court's reasoning and holding in <u>Reigel v. Medtronics, Inc.</u>, 552 U.S. 312, 329 (2008) to the facts alleged in this case in finding federal preemption.  In <u>Reigel</u>, the Court held that state law claims based on negligence, breach of warranty, and strict liability were preempted by Medical Device Amendments to the Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 360K <u>et</u> <u>seq.</u>, to the extent that they impose requirements that are different from or in addition to a medical device approved by the Food and Drug Administration, such as the stent at issue in this case. <u>Reigel</u>, 552 U.S. at 329.  The Court also held that state claims "premised on a violation of FDA regulations" are "parallel claims" and are not preempted.  As the Magistrate Judge explained, plaintiff has not pled any parallel claims.  <u>See</u> R&R at 8-10.  Therefore, his claims are preempted.

In view of the foregoing, the court is adopting in full the Report and Recommendation, incorporating it in this Memorandum, and granting Abbott's motion to dismiss.[1]

---

[1] Although the issue is moot because plaintiff's claims are preempted, the court also agrees with the Magistrate Judge's conclusion that the allegations in the Complaint fail to state a claim on which relief could be granted.

The Magistrate Judge also denied plaintiff's Motion to Amend his complaint. See Dkt. No. 51. Plaintiff has appealed this ruling. A motion to amend is not a dispositive matter under Federal Rule of Civil Procedure 72(a). Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993). Therefore, the Magistrate Judge's decision may only be reversed if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The court finds that the Magistrate Judge accurately described the applicable law, carefully explained the reasons for her decision, and was not clearly erroneous in denying the motion to amend. Therefore, plaintiff's appeal is being denied.

In view of the foregoing, it is hereby ORDERED that:

1. The Magistrate Judge's Report and Recommendation Concerning Defendant's Motion to Dismiss (Dkt. No. 52), attached hereto as Exhibit 1, is incorporated in this Memorandum.

2. Defendant's Motion to Dismiss (Dkt. No. 12) is ALLOWED.

3, Plaintiff's appeal of the Magistrate Judge's denial of his Motion to Amend (Dkt. No. 55) is DENIED.

4. This case is DISMISSED.

/s/ Charles P. Van
UNITED STATES DISTRICT JUDGE